UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

DAVID LIONEL FOWLER

v.                                    CIVIL ACTION NO. 12-11828-RWZ

BERRIEN COUNTY PROBATE COURT.

MEMORANDUM AND ORDER
November 26,  2012

ZOBEL, D.J.

BACKGROUND

On October 2, 2012, plaintiff David Lionel Fowler, ("Fowler"), currently residing at

the Massachusetts New England Center for Homeless Veterans in Boston,

Massachusetts, filed a skeletal self-prepared complaint against the Berrien County

Probate Court in St. Joseph, Michigan.[1]  The allegations are unintelligible.  Fowler

states that:

> Plaintiff requests the jurisdiction over thic [sic] case pursuant to 28 U.S.C.
> 1332.  Reasons Non-Payment 6 month Default on Federal Court Demand
> Filed 03/23/2012 Defendant Caused Detrimental Harm Causing Plaintiff to
> Be Homeless.

Compl. (Docket No. 1 at 1, ¶ 4).  The Civil Cover Sheet attached to the Complaint lists

the nature of suit as, *inter alia*, civil rights, RICO, and Recovery of Defaulted Student

Loans.  In the line designated for the cause of action, Fowler wrote "Non-Payment on

Demand; Recovery of Defaulted Non-Payment Demand."  Civil Cover Sheet (Docket

No. 1).  He demands $110,000,000.00.

This civil action presents claims virtually identical to a recently dismissed case in

_____

[1]This action originally was assigned to Magistrate Judge Bowler.  On November 2,
2012, the action was reassigned to the undersigned.

this Court.  See Fowler v. Social Security Administration, Civil Action No. 12-11826-RGS

(closed November 1, 2012).  In turn, that earlier case was a refiling of a case Fowler

previously filed in the District of Arizona (Phoenix Division), and then dismissed.  See

Fowler v. Social Security Administration, et al., Civil Action No. 2:12-cv-00628-JAT.

From what can be gleaned, it appears that Fowler alleged that he was denied social

security benefits, in part, because the Berrien County Probate Court improperly

concealed records of his adoption.  See id. (Order (Docket No. 18 at 1)).

This action also appears to be a re-filing of a lawsuit against the Berrien County

Probate Court, originally filed in the District of Arizona (Phoenix Division), which was

dismissed.  See Fowler v. Berrien County Probate Court, et al., Civil Action No. 2:12-cv-

00630-MHB (filed March 23, 2012).[2]  In that action, Magistrate Judge Michelle H. Burns

granted Fowler in forma pauperis status and dismissed the original Complaint with leave

to amend.  Fowler then filed an Amended Complaint, in which he alleged he was a

Michigan State Adoptee, and further alleged:

> Berrien County Probate Court, under false pretense is in violation with
> Michigan State ordinance rules and laws enacted by municipal or county
> government laws.  They are also in violation of state adoption laws to felony
> cover up a kidnapping.  The foster mother, Margaret Wayne Fowler was
> allowed to commit felony fraud by falsely presenting her name on the State
> Department of Human Services birth certificate, as the biological parent.
> Under false pretense, the foster mother, was also allowed to illegally change
> the name (first, middle and last name) of the infant to illegally gain rights over
> the child.  The foster mother has NO legal rights or grounds as a biological
> parent.  This is clearly a kidnapping case that has to be handled within the
> jurisdiction of the Federal Courts.  The Berrien County Probate Court failed
> to redirect and/or correct the criminal issue allowing the problem to occur.

---

[2]In the action filed in the District of Arizona, Fowler sued both the Berrien County
Probate Court and the Jackson County Probate Court.

Id. (Docket No. 8 at 1).  Along with the Amended Complaint, Fowler filed a Motion for

Judgment on the Pleadings, a Motion to Suppress/Motion for Subpoena, and a Motion

to Amend the Complaint.  The Court again found that Fowler's Amended Complaint

failed to comport with the pleading requirements of Rule 8 of the Federal Rules of Civil

Procedure.  Specifically, the Court found the pleading to be one unintelligible paragraph

which failed to provide any plausible claim for relief.   The case was dismissed on May

15, 2012.  See Order (Docket No. 11 at 3).  Thereafter, Fowler filed several motions,

including motions to reconsider and a motion to transfer the case.  All motions were

denied.

Accompanying the instant Complaint is a document entitled "Motion Subpoena

Felony Complaint" (Docket No. 3), directed to Chief Judge Mark L. Wolf.  Plaintiff

therein requests that warrants issue against the Berrien County Probate Court and

others for "non-payment on federal court demand that concludes final action and legal

provisions ordered by the federal court district ARIZONA.  Assigned state federal judge

Honorable JAMES A. TEILBORG."  Motion  (Docket No. 3 at 1).  Additionally, Fowler

alleges that the Berrien County Probate Court (and unnamed others) are in "felony

negligence tort-criminal and civil violation reasons ignoring a federal court order failing

to meet complaint within a specified time period."  Id.   He claims the Berrien County

Probate Court has purposely violated his civil rights because he is a 19-year veteran of

the U.S. Army.  He seeks both payment from the Berrien County Probate Court, and

others, and the institution of felony charges against it.  Apart from the name of the

Defendant, the allegations in this motion also are virtually identical to the one filed (and

later denied) in Fowler v. Social Security Administration, Civil Action No. 12-11826-

3

RGS.

In addition to the Motion Subpoena Felony Complaint, Fowler filed a Notice of

Default (Docket No. 4)  for execution and issuance by the Clerk of Court.  Attached to

that pleading was a proposed Default Judgment in which he seeks $110,000,00.00.

Finally, along with these pleadings, Fowler filed a Motion for Leave to Proceed *in forma*

*pauperis* (Docket No. 2).

DISCUSSION

I.      The Motion for Leave to Proceed *In Forma Pauperis*

Upon review of Fowler's financial disclosures indicating that he has no assets or

income, this court finds that lacks the $350.00 to pay the filing fee for civil actions.

Accordingly, his Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is

ALLOWED.

II.     Preliminary Screening of the Complaint

Because Fowler is proceeding *in forma pauperis*, his Complaint is subject to

screening under 28 U.S.C. § 1915(e)(2).[3]  Further, in addition to the statutory screening

requirements under § 1915, the Court has an independent obligation to inquire, *sua sponte,*

into its subject matter jurisdiction.[4]  In connection with this preliminary screening, Fowler's

---

[3]This statute authorizes federal courts to dismiss actions in which a plaintiff seeks to proceed without prepayment of fees if the action is malicious, frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); Denton v. Hernandez, 504 U.S. 25, 32-33 (1992); Neitzke v. Williams, 490 U.S. 319, 325 (1989).

[4]See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004);  Fed. R. Civ. P. 12(h)(3) ("If the court determines ... it lacks subject matter jurisdiction, the court must dismiss the action.").  See also In re Recticel Foam Corp., 859 F.2d 1000, 1002 (1st Cir. 1988) ("It is too elementary to warrant citation of authority that a court has an obligation to inquire

4

*pro se* complaint is construed generously.  Hughes v. Rowe, 449 U.S. 5, 9 (1980);  Haines

v. Kerner, 404 U.S. 519, 520 (1972); Instituto de Educacion Universal Corp. v. U.S. Dept.

of Education, 209 F.3d 18, 23 (1st Cir. 2000).  Even under a broad reading, however, the

Complaint fails to pass muster.

III.    Failure to Comply With Fed. R. Civ. P. 8

        The Complaint fails to comport with the pleading requirements of Rule 8 of the

Federal Rules of Civil Procedure.  Rule 8(a) requires a plaintiff to include in the

complaint, *inter alia*, "a short and plain statement of the claim showing that the pleader

is entitled to relief."  Fed. R. Civ. P. 8(a)(2).  This statement must "'give the defendant

fair notice of what the . . . claim is and the grounds upon which it rests,'"  Bell Atlantic

Corp. v. Twombly, 550 U.S. 544, 555 (2007) (alteration in original) (quoting Conley v.

Gibson, 355 U.S. 41, 47 (1957));  see Rivera v. Rhode Island, 402 F.3d 27, 33 (1st Cir.

2005).  It must afford the defendant(s) a "[']meaningful opportunity to mount a defense,'"

Díaz-Rivera v. Rivera-Rodríguez, 377 F.3d 119, 123 (1st Cir. 2004) (quoting Rodríguez

v. Doral Mortgage Corp., 57 F.3d 1168, 1172 (1st Cir. 1995)).   See also

Redondo-Borges v. U.S. Dept. of Housing and Urban Dev., 421 F.3d 1, 5 (1st Cir.

2005).  "In a civil rights action as in any other action . . . , the complaint should at least

set forth minimal facts as to who did what to whom, when, where, and why."

Educadores Puertorriqueños en Acción v. Hernandez, 367 F.3d 61, 68 (1st Cir. 2004).

        Here, Fowler's sparse Complaint fails to set forth plausible claims in accordance

with Rule 8.  Although he demands payment from the Berrien County Probate Court, he

_____

sua sponte into its subject matter jurisdiction, and to proceed no further if such
jurisdiction is wanting.").

fails to set forth the underlying factual basis for the demand.  It appears that he is asserting that he obtained a judgment from the Arizona District Court; however, the public records (PACER) do not indicate that to be the case.  In any event, he fails to set forth the "who, what, where, when, and why" type information necessary to state a claim upon which relief may be granted.[5]  Even considering the attachments submitted and other pleadings filed in the District of Arizona, this Court cannot discern any cognizable claim against the Berrien County Probate Court.[6]

Notwithstanding that ordinarily, this Court would permit a *pro se* litigant an opportunity to cure the pleading deficiencies, Fowler has had the opportunity to do so in the District of Arizona case.  However, given Fowler's litigational history, further opportunity to cure would be futile.

---

[5]Although Fowler references "all defendants" in his motion, he fails to set forth any claims against any other defendants, and it is unclear to whom he is referring.  As pled, this Court considers only the Berrien County Probate Court to be a Defendant in this case.

[6]As an additional matter, Fowler alleges diversity jurisdiction over this action, based on violations of Michigan law, but he fails to assert the state claims in any understandable fashion.  He also fails to set forth a basis for the amount in controversy.  It is noted that in his case before Judge Stearns, he alleged the amount in controversy was $50,000.000.00, based on identical claims asserted here.  In light of this, the Court questions the *bona fides* of the amount in controversy for jurisdictional purposes. Further, Fowler alleges civil rights violations by the Defendant, but fails to set forth any basis for civil rights claims based on his alleged violations of state law.  In any case, the Berrien County Probate Court is not a "person" for purposes of civil rights actions under 42 U.S.C. § 1983 (the vehicle for generally asserting civil rights violations by a state actor).   "[C]ivil rights actions under 42 U.S.C. § 1983 may only be brought against a 'person,' and courts and judicial districts are clearly not persons within the meaning of the statute."  Howell v. Muskegon Co. Courts, 2012 WL 1952385, *1 (W.D. Mich. May 30, 2012) (citing Will v. Mich. Dep't of State Police, 491 U.S. 58, 71 (1989)).

IV.    The Berrien County Probate Court is Entitled to Sovereign Immunity

Fowler's Complaint further suffers from a fundamental legal impediment warranting *sua sponte* dismissal.  Specifically, Fowler may not recover damages against the Berrien County Probate Court because it is entitled to sovereign immunity under the Eleventh Amendment, and there is no basis to find that a waiver of sovereign immunity exists in these circumstances.  See Alabama v. Pugh, 438 U.S. 781, 782 (1978); O'Hara v. Wigginton, 24 F.3d 823, 826 (6th Cir.1993).  "The State of Michigan has not has not consented to civil rights suits in federal court."   Howell v. Muskegon Co. Courts, 2012 WL 1952385 at *1 (citing Abick v. Michigan, 803 F.2d 874, 877 (6th Cir.1986)).  "The Sixth Circuit squarely has held that suits against Michigan courts are barred by Eleventh Amendment sovereign immunity."  Id. citing Abick, 803 F.2d at 877.

Accordingly, this action is DISMISSED based on Eleventh Amendment immunity and pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and (iii) (failure to state a claim upon which relief may be granted and suit against a defendant who is immune).

V.    The Motion Subpoena Felony Complaint

A private citizen, such as Fowler, lacks a judicially cognizable interest in the federal prosecution or non-prosecution of another.  See, e.g., Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973); accord Nieves-Ramos v. Gonzalez, 737 F. Supp. 727, 728 (D. P.R. 1990) (same).[7]

---

[7]Moreover, section 547 of title 28 states, in relevant part, that "Except as otherwise provided by law, each United States attorney, within his district, shall –  (1) prosecute for all offenses against the United States."  28 U.S.C. § 547 (1).  Thus, Fowler does not have standing to bring a criminal action in federal court because no statute authorizes him to do so.  Kennan v. McGrath, 328 F.2d 610, 611 (1st Cir. 1964) (*per curiam*); accord Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989) *(per curiam)* (stating that only the

Thus, the Motion Subpoena Felony Complaint is <u>DENIED</u>.

VI.    <u>Improper Venue and Lack of Personal Jurisdiction</u>

As a final matter, while this action is being dismissed for the reasons set forth above, it is appropriate to note that Fowler's Complaint raises issues of lack of personal jurisdiction.  Fowler's claims allegedly arise under Michigan law.  It is clear from the face of the Complaint that this Court lacks personal jurisdiction over the Berrien County Probate Court and/or any of its employees because there is no "purposeful availment" of the privilege of conducting activities in the Commonwealth of Massachusetts.  Thus, there are insufficient minimum contacts to meet the due process requirements and to comport with traditional notions of fair play and substantial justice for this Court to exercise personal jurisdiction over any Michigan parties.

<u>CONCLUSION</u>

Based on the above, it is hereby Ordered that:

1.    Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Docket No. 2) is <u>ALLOWED</u>;

2.    Plaintiff's Motion Subpoena Felony Complaint (Docket No. 3) is <u>DENIED</u>; and

3.    This action is <u>DISMISSED</u> in its entirety.

SO ORDERED.                                    /s/ Rya W. Zobel
                                               RYA W. ZOBEL
                                                UNITED STATES DISTRICT JUDGE

---

United States as prosecutor can bring a complaint under 18 U.S.C. §§ 241-242); <u>Stone v. Warfield</u>, 184 F.R.D. 553, 555 (D. Md. 1999) (stating that individual citizens have no private right of action to institute federal criminal prosecutions); 28 U.S.C. § 516 (conduct of litigation in which the United States is a party is reserved to officers of the Department of Justice, under the direction of the Attorney General).